# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| Chad Newman, *by and through his legal guardian*, Jackie Hooper, | : | Case No. 3:08 CV711 |
| | : | |
| Plaintiffs, | | |
| v. | : | **MEMORANDUM DECISION AND ORDER** |
| James Telb, Lucas County Sherif, *et al.*, | : | |
| Defendants. | : | |

The parties have consented to the Magistrate's jurisdiction in this civil rights case filed pursuant to 42 U. S. C. § 1983. Pending are Defendants' Motion for Summary Judgment (Docket No. 39) Plaintiffs' Opposition (Docket No. 48), Defendants' Reply to Plaintiffs' Opposition to Summary Judgment (Docket No. 58) and Plaintiffs' Notice of Service of Supplemental Evidence (Docket No. 60) and Defendants' Motion to Strike (Docket No. 64). For the reasons that follow, the Magistrate grants the Motion for Summary Judgment and the Motion to Strike.

## I. JURISDICTION.

This Court has jurisdiction over the subject matter and the parties pursuant to 28 U. S. C. §§ 1331, 1343.

## II. THE PARTIES.

(1) Plaintiff Chad Newman (Newman), at all times relevant to these proceedings, was a minor. Plaintiff Newman resides in Aiken, South Carolina.

(2) Plaintiff Jackie Hooper (Hooper) is Chad Newman's mother. Plaintiff Hooper is a resident of Aiken, South Carolina.

(3) Lucas County, Ohio was duly organized by the Ohio General Assembly in 1835. Its county seat is Toledo, Ohio. Www.co.lucas.oh.us.

(4) The Lucas County, Ohio Board of Commissioners (Commissioners), is a three-member panel of elected officials who hold administrative power for Lucas County, Ohio. Defendant Commissioners are sued in their official and individual capacities.

(5) James Telb (Telb) is the chief law enforcement officer in Lucas County, Ohio. The Lucas County Sheriff operates the Lucas County Corrections Center, a full service adult detention facility. Www.co.lucas.oh.us. Defendant Telb is sued in his official and individual capacities.

(6) Melvin L. Cooper (Cooper) was an inmate at the Lucas County Corrections Center.

### III. FACTUAL BACKGROUND.

Plaintiffs allege that Plaintiff Newman has mental health problems and cognitive functioning disabilities. Following imposition of Plaintiff Newman's sentence by a Lucas County Juvenile Court Judge and pending transfer to the Department of Youth Services, Plaintiff was housed at the Lucas County Corrections Center. On March 25, 2006, Plaintiff claims that he was raped by Defendant Cooper in the shower area. Defendant Cooper was charged with rape (Docket No. 1, ¶s 16, 17, 18).

### IV. PROCEDURAL BACKGROUND.

Plaintiffs filed a Complaint alleging violations of Plaintiff Newman's rights under the Eighth and Fourteenth Amendments and 42 U.S.C. § 1983. Defendants County, Commissioners and Telb were duly

served with a summons and Complaint by certified mail and filed an answer.

Defendant Cooper was served a Summons and copy of the Complaint by ordinary United States first class mail service at Defendant Coopers' last known address. Defendant Cooper failed to file an answer or other responsive pleading.

Defendants County, Commissioners and Telb filed a Motion for Summary Judgment to which Plaintiffs filed an Opposition and Supplemental Evidence and Defendants replied.

Defendants County and Commissioners filed a Motion to Strike the Supplemental Evidence.

### V. THE MOTION TO STRIKE.

On July 6, 2010, Plaintiff supplemented their Opposition to the Motion for Summary Judgment with exhibits evidencing criminal charges filed against Defendant Cooper in 2004 for begging (Docket Nos. 60-1 and 60-2). Defendants seek to strike this supplemental evidence from the record for reasons that (1) it was filed out of time, (2) the evidence submitted is inadmissible as a matter of law, and (3) it is irrelevant to these proceedings.

Under FED. R. CIV. P. (f), the court may strike from a **pleading** any redundant, immaterial, impertinent, or scandalous matter. A motion to strike is addressed to the sound discretion of the trial court. *Barnes v. City of Toledo,* 2010 WL 1268044, *13 ((N. D. Ohio 2010) (*citing In re Keithley Instruments, Incorporated,* 599 F. Supp.2d 908, 911 (N. D. Ohio 2009)(*citing Ameriwood Industrial International Corporation v. Arthur Andersen & Company*, 961 F. Supp. 1078, 1083 (WD. Mich.1997)). Motions to strike are disfavored and granted only where the allegations are clearly immaterial to the controversy or would prejudice the movant. *Id.* (*citing Frisby v. Keith D. Weiner & Associates Company, LPA,* 2009 WL 3818844, *1 (N. D. Ohio 2009) (*citing Brown & Williamson Tobacco Corporation v. United States,* 201 F.2d 819, 822 (6th Cir. 1953); *see also United States v. American Electrical Power*

*Services Corporation,* 281 F. Supp. 931, 935 (S. D. Ohio 2002); 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1382 (3rd ed. 2004) ("[T]here appears to be general judicial agreement ... that [motions to strike] should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice ..."). Exhibits attached to motions are not pleadings and are outside the scope of Rule 12(f). *Rhea v. Dollar Tree Stores*, 395 F. Supp. 2d 696, 702 (W. D. Tenn. 2005).

The Magistrate find that the proposed exhibits lack a logical connection and are immaterial to the issues involved in this litigation. Accordingly, the Motion to Strike the exhibits under Rule 12(f) is granted.

### VI. THE MOTION FOR SUMMARY JUDGMENT.

The allegations in Plaintiffs' Complaint against Defendants County, Commissioners and Telb are considered a claim that these Defendants, with knowledge of Plaintiff Newman's disability, acted in concert to deprive him of appropriate protection. Defendants were aware of the risks associated with placing a disabled person in a situation where it was foreseeable that he would be harmed. Defendants were negligent and indifferent to Plaintiff Newman's circumstances. Such exhibitions of indifference constitute cruel and unusual punishment that is subject to the protection of the Eighth Amendment.

In the Motion for Summary Judgment, Defendants argue, first, that Lucas County is not an entity capable of being sued. Defendants also assert that the Commissioners had no duty to protect Plaintiff Newman. Finally, Plaintiff failed to state a claim under Section 1983 against Defendant Telb in his official and individual capacities. Alternately, Defendant Telb is immune from all state law claims under OHIO REV. CODE § 2744.02.

**A. MOTION FOR SUMMARY JUDGMENT STANDARD OF REVIEW.**

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Averill v. Gleaner Life Insurance Society*, 626 F. Supp.2d 756, 761 (N. D. Ohio 2009 (*citing Celotex Corp. v. Catrett,* 106 S. Ct. 2548, 2552 (1986)). The moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Id.* (*citing Celotex*, 106 S. Ct. at 2552-2553). The burden shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Id.* (*citing Anderson v. Liberty Lobby, Incorporated,* 106 S. Ct. 2505, 2511 (1986) (*quoting* FED. R. CIV. P. 56(e)).

Once the burden of production shifts, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. *Id.* It is insufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Id.* (*citing Matsushita Electric Industrial Company v. Zenith Radio Corporation,* 106 S. Ct. 1348, 1355 (1986)). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of concrete evidentiary material in support of its position. *Id.* (*citing Celotex, supra,* 106 S. Ct. at 2553).

In deciding the motion for summary judgment, the evidence of the non-moving party will be believed as true, all doubts will be resolved against the non-moving party, all evidence will be construed in the light most favorable to the non-moving party, and all inferences will be drawn in the non-moving party's favor. *Id.* (*citing Eastman Kodak Company v. Image Technical Services, Incorporated,* 112 S. Ct. 2072, 2076 (1992)). Summary judgment shall be rendered only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. *Id.* (*citing*

*Celotex, supra,* 106 S. Ct. 2552).

    1.    **DEFENDANT LUCAS COUNTY**.

Plaintiffs allege that they are entitled to judgment on their claims against Defendant Lucas County for failure to ensure that there is a duly elected qualified director of the Lucas County Corrections Center and that policies are implemented to provide appropriate and safe oversight of the Lucas County Corrections Center (Docket No. 1, ¶ 8).

Counties, as political entities, are not *sui juris. Id.* at * 405 (*citing Lowe v. Hamilton County Department of Job and Family Services,* 2008 WL 816669 *2 (S. D. Ohio 2008) (*citing McGuire v. Ameritech Services, Incorporated,* 253 F. Supp.2d 988, 1015 (S. D. Ohio 2003). In other words, counties lack the capacity to sue or be sued except where specifically authorized by statute. *Id.* Counties are held accountable through their elected representatives, to wit, their commissioners. *Id.*

Plaintiffs have failed to present some type of concrete evidentiary material or reference a statute that authorizes them to sue Lucas County. The Magistrate dismisses any claims against Lucas County.

    2.    **THE LUCAS COUNTY COMMISSIONERS IN THEIR OFFICIAL CAPACITY**.

Plaintiffs sued the Lucas County Commissioners on a theory of derivative liability based entirely on the premise that they provide funding to the Lucas County Sheriff's Department. Consequently, the Lucas County Commissioners must be responsible for the administration of the Sheriff's Department which is responsible for the safety of individuals housed at the Lucas County Correctional Center.

Defendants argue that the authority of a board of county commissioners to supervise and control the activities of the sheriff's department are not expressly granted by statute or implied from an express statutory provision. The county commissioners have no liability for Defendant Telb's actions. Thus, they had no duty to protect Plaintiff Newman.

Plaintiffs' complaint against the Lucas County Commissioners in their official capacities is in reality an official capacity suit against Lucas County and Defendant Lucas County Commissioners are agents of the county.

Under Ohio law, the county commissioners have discretion to finance correctional facilities but they have no duty to control the sheriff in keeping a jail safe. OHIO REV. CODE § 307.01 *et. seq.* (Thomson Reuters 2010); *Saunders v. McFaul,* 593 N.E.2d 24, 28 (1990). It is the sheriff who enjoys final policymaking authority over a county correctional facility. OHIO REV. CODE § 341.01 (Thomson Reuters 2010). The sheriff shall have charge of the county jail and all persons confined therein. OHIO REV. CODE § 341.01 (Thomson Reuters 2010). The sheriff "shall keep such persons safely, attend to the jail, and govern and regulate the jail according to the minimum standards for jails in Ohio promulgated by the department of rehabilitation and correction." OHIO REV. CODE § 341.01 (Thomson Reuters 2010).

The Magistrate finds that derivative liability is not a viable theory for liability because the Commissioners are not charged with responsibility for the Lucas County Correctional Center. Neither are the Commissioners charged with the responsibility of overseeing the Sheriff in his administration nor control of the Lucas County Correctional Center. Claims against the Lucas County Commissioners in their official capacity for failure to maintain a safe environment at the Lucas County Correctional Center must be dismissed as a matter of law.

3. **THE LUCAS COUNTY COMMISSIONERS IN THEIR INDIVIDUAL CAPACITIES**.

Plaintiffs seek relief from Commissioners Pete Gerken, Ben Konop and Tina Skeldon-Wozniak in their individual capacities. Plaintiffs contend that they acted in concert and cooperation with Defendant Telb to violate Newman's rights. The issue is whether their assertion of qualified immunity bars Plaintiff's Eighth Amendment claim alleged under 42 U. S. C. § 1983.

In a Section 1983 action, the focus is on whether two essential elements coexist. *Marin v. Cleveland Clinic,* 2010 WL 359699, *3 (N. D. Ohio 2010)(*citing Parratt v. Taylor,* 535, 101 S.Ct. 1908, 1912 (1981)). First, was the conduct complained of committed by a person acting under color of state law. *Id.* Second, did this conduct deprive a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Id.*

"Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Moldowan v. City of Warren,* 578 F.3d 351, 374 (6th Cir. 2009) (*citing Harlow v. Fitzgerald,* 102 S. Ct. 2727, 2738 (1982)). "The central purpose of affording public officials qualified immunity from suit is to protect them 'from undue interference with their duties and from potentially disabling threats of liability.' " *Id.* at 374-375 (*citing Elder v. Holloway,* 114 S. Ct. 1019, 1022 (1994) (*quoting Harlow,* 102 S. Ct. at 2732).

The tripartite procedure for evaluating claims of qualified immunity was articulated in *Williams v. Mehra,* 186 F. 3d 685, 691 (6th Cir. 1999). First, a determination is made whether a constitutional violation occurred. Second, a determination is made as to whether the right that was violated was a clearly established right of which a reasonable person would have known. Third, a determination is made whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights. *Id.* (*citing Dickerson v. McClellan,* 101 F.3d 1151, 1157-58 (6th Cir. 1996)).

The first step in our inquiry, then, is to consider the "threshold question" whether, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Moldowan v. City of Warren,* 578 F.3d 351, 375 (6th Cir. 2009) (*citing*

*Saucier v. Katz,* 121 S. Ct. 2151, 2156 (2001)). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.* If a violation could be made out on a favorable view of the parties' submissions, however, the court must then consider whether the right was "clearly established." "This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id.* "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* Finally, and only if these first two elements are satisfied, this Court "occasionally" has gone on to determine " 'whether the plaintiff offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights.' " *Id.* (*citing Drogosch v. Metcalf,* 557 F.3d 372, 378 (6th Cir. 2009) (*quoting Estate of Carter v. City of Detroit,* 408 F.3d 305, 311 n. 2 (6th Cir. 2005)).

The right allegedly violated by Defendants Gerken, Konop and Skeldon-Wozniak, is asserted in general language and without specificity. In fact, contours of the right were sufficiently unclear that a reasonable official would not understand that what he or she was doing violated a right. Plaintiffs do not allege that the Commissioners had any direct involvement in the oversight of the Lucas County Corrections Center; therefore, the Magistrate construes Plaintiffs' claim as being based upon the Commissioner's right to control the finances. Plaintiffs have failed to overcome the bar of qualified immunity by finding a binding precedent from the Supreme Court or the Sixth Circuit Court that only established conduct of the Defendant Commissioners in this case violated clearly established law. Dismissal is proper because Plaintiffs' claim against the Commissioners is also predicated solely on the funding and administration of county government.

4.  **DEFENDANT TELB IN HIS OFFICIAL CAPACITY.**

Plaintiffs' claims against Defendant Telb in his official capacity are twofold. First, Defendant Telb was deliberately indifferent to the substantial risk of harm to health and safety of inmates at Lucas County Corrections Center. Second, Defendant Telb's breach of duty resulted in physical injury and emotional distress.

Because Sheriff Telb is being sued in his official capacity, he would be liable to the same extent as a municipality under Section 1983. A claim against a municipal official in his or her official capacity is considered a claim against the entity itself. *Slough v. Telb,* 644 F. Supp.2d 978, 987 (N. D. Ohio 2009) (*citing Kentucky v. Graham,* 105 S. Ct. 3099, 3105-3106 (1985)); *Brandon v. Holt,* 105 S. Ct. 873, 877 (1985); *Monell v. Department of Social Services,* 98 S. Ct. 2018, 2036 n. 55 (1978). Because there is no *respondeat superior* liability under Section 1983, to establish an official capacity claim a plaintiff must show that the enforcement of the official entity's policy or custom caused the violation of the plaintiff's federal or constitutional right. *Id.* (*citing Hafer v. Melo,* 112 S. Ct. 358, 362-362 (1991); *Jett v. Dallas Independent School District,* 109 S. Ct. 2702 (1989)).

Plaintiffs fail to go beyond the pleadings and present some type of concrete evidentiary material in support of their positions. Consequently, Plaintiffs are unable to clear the initial hurdle for official capacity claims. Plaintiffs make factually undeveloped allegations that upon investigation of Plaintiff Newman's criminal history, mental health problems and conduct at Lucas County Corrections Center, Defendant Telb would have foreseen that Plaintiff was subject to sexual attack. Plaintiffs do not allege that the failure to investigate was the result of a custom or policy employed by Defendant Telb. Neither do Plaintiffs assert a claim against Defendant Telb in his official capacity that the enforcement of a particular policy nor custom ran afoul of the constitution or other federal right. Consequently, the claim

against Defendant Telb in his official capacity must be denied.

  **5. DEFENDANT TELB IN HIS INDIVIDUAL CAPACITY.**

Plaintiffs seek to impose personal liability upon Defendant Telb for action he took under color of state law. Plaintiffs suggest that in his individual capacity, Defendant Telb violated Plaintiff Newman's Eighth Amendment right to be free from cruel and unusual punishment by displaying deliberate indifference to his safety and that he was negligent in his care by placing Plaintff Newman in the general population.

  **a. QUALIFIED IMMUNITY STANDARD.**

Defendant Telb asserts the affirmative defense of qualified immunity with respect to all of Plaintiffs' Section 1983 claims. Qualified immunity is an immunity from suit, not merely a defense to liability. *Id.* (*citing Pearson v. Callahan,* 129 S.Ct. 808, 815 (2009) (*citing Mitchell v. Forsyth,* 105 S.Ct. 2806, 2815 (1985)). Qualified immunity protects public officials from suit for civil damages so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (*citing Harlow v. Fitzgerald,* 102 S.Ct. 2727, 2738 (1982); *Humphrey v. Mabry,* 482 F.3d 840, 846 (6th Cir. 2007); *Silberstein v. City of Dayton,* 440 F.3d 306, 311 (6th Cir. 2006)). Once the defense is raised, the plaintiff bears the burden of showing that the defendant's conduct violated a right so clearly established that a reasonable official in that position would have clearly understood that he or she was under an affirmative duty to refrain from such conduct. *Barrett v. Steubenville City Schools,* 388 F.3d 967, 970 (6th Cir. 2004) (*citing Rich v. City of Mayfield Heights,* 955 F.2d 1092, 1095 (6th Cir. 1992)).

The plaintiff, thus, bears the ultimate burden of proof to show that the defendant is not entitled to qualified immunity. *Id.* (*citing Wegener v. Covington,* 933 F.2d 390, 392 (6th Cir. 1991)).

The contours of the "clearly established right" must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Slough,* 644 F. Supp. 2d at 988-989 (*citing Ciminillo v. Streicher,* 434 F.3d 461, 468 (6th Cir. 2006)). To be a violation of a "clearly established right," the exact conduct at issue need not have been previously held illegal; it is enough that the right be sufficiently established so as to put a reasonable official on notice that his actions are a violation of that right. *Id.* (*see Hope v. Pelzer*, 122 S.Ct. 2508, 2515 (2002); *Sample v. Bailey,* 409 F.3d 689, 699 (6th Cir. 2005) ("Officials can still be on notice that their conduct violates clearly established law even in novel circumstances."); *Scicluna v. Wells,* 345 F.3d 441, 446 (6th Cir. 2003); *Bell v. Johnson,* 308 F.3d 594, 602 (6th Cir. 2002)).

   **b.**    **EIGHTH AMENDMENT STANDARDS**.

Plaintiffs contend that the clearly established law in this case is the Eighth Amendment proscription against Defendant Telb's failure to protect him. To establish liability under the Eighth Amendment for a prison official's failure to protect, an inmate must demonstrate that the official was deliberately indifferent "to a substantial risk of serious harm" to the inmate. *Greene v. Bowles,* 361 F.3d 290, 294 (6th Cir. 2004) (*citing Farmer v. Brennan*, 114 S.Ct. 1970, 1974 (1994)). To demonstrate deliberate indifference, an inmate must present evidence from which a trier of fact could conclude "that the official was subjectively aware of the risk" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Id.* (*citing Farmer*, 114 S. Ct. at 1974, 1984). That awareness can be demonstrated through "inference from circumstantial evidence," and a prison official cannot "escape liability . . . by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Id.* (*citing Farmer*, 114 S.Ct. at 1982). Where a specific individual poses a risk to a large

12

class of inmates, that risk can also support a finding of liability even where the particular prisoner at risk is not known in advance. *Id.* (*citing Curry v. Scott,* 249 F.3d 493, 507-508 (6*th* Cir. 2001) (where particular prison guard had history of racially motivated harassment of African American inmates, deliberate indifference could be demonstrated by factual record, without a threat to a particular inmate)). Therefore, to defeat a summary judgment motion, the plaintiff need only point to evidence from which a finder of fact could conclude that plaintiff's vulnerability made him or her placement with the general population of the corrections compound with high-security inmates a substantial risk safety, that the sheriff was aware of that placement or, alternately, evidence from which that finder of fact could conclude that placement in the general population without protective measures presented a substantial risk to other inmates in the general population. *Id.*

      **c.**    **IS DEFENDANT TELB ENTITLED TO QUALIFIED IMMUNITY ON PLAINTIFF'S CLAIM FOR DELIBERATE INDIFFERENCE?**

Addressing the threshold inquiry of the qualified immunity analysis, the Magistrate must determine whether Plaintiffs have alleged facts which, when assumed as true, show that Defendant Telb's conduct violated a constitutional right under the Eighth Amendment's proscription against cruel and unusual punishment. The actual question is whether, at the time of the sexual assault, a reasonable person in Defendant Telb's position would have known that a person with a mental disability had a clearly established right to be free from negligent administrative practices exposing him to undue risk of sexual attack. Bearing the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact, Defendant Telb claims that he had no reason to suspect that Defendant Cooper was an obvious, substantial risk to inmate safety. Apparently Defendant Cooper had no prior violent or sexually aggressive behavior exhibited during prior incarcerations dating back to 1977 (Docket No. 39, p. 11 of 19). When the burden

shifts to Plaintiffs to set forth specific facts showing that there is a genuine issue for trial, they fail to present any concrete evidentiary material from which a fact finder could conclude that because Plaintiff Newman had cognitive and mental impairments, he was particularly vulnerable and that placement of a person with his vulnerabilities in the general population presented a substantial risk. Since Plaintiffs have not demonstrated that Defendant Telb violated a "clearly established right," Defendant Telb is granted the protection of qualified immunity on the merits of Plaintiffs' claim for deliberate indifference.

### d. IS DEFENDANT TELB ENTITLED TO QUALIFIED IMMUNITY ON PLAINTIFFS' CLAIM OF NEGLIGENCE?

Plaintiffs contend that Defendant Telb owed a duty of reasonable care and protection from unreasonable risks while Plaintiff was in his custody and under his control. Defendant Telb knew or should have known of Newman's mental and cognitive deficiencies which made him susceptible to being targeted by aggressive inmates. Defendant Telb's failure to segregate Plaintiff from the general population of other inmates was a breach of his duty to provide reasonable care. The proximate cause of the rape was Defendant Telb's breach of his duty to segregate Plaintiff from the general population.

Under Ohio law, a plaintiff suing for negligence must show: (1) the existence of a duty; (2) breach of that duty by defendant; and (3) proximate cause between the breach and damage to the plaintiff; and damage to the plaintiff. *CSX Transportation, Incorporated v. Exxon/Mobil Oil Corporation*, 401 F. Supp. 2d 813, 818 (N. D. Ohio 2005) (*citing Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989)). In an action for negligence, the plaintiff has the burden of proving all of the elements. *Id*. However, under OHIO REV. CODE § 2744.03(A)(6), the sheriff is immune from liability unless acts or omissions were manifestly outside the scope of employment or official responsibilities, the acts were undertaken with malicious purpose or bad faith or in a wanton or reckless manner, or liability is expressly imposed upon the sheriff pursuant to another section of the Revised Code.

Here, the negligence claims against Defendant Telb are premised on the allegations that Plaintiff Newman was inappropriately housed in the Lucas County Corrections Center.  Plaintiffs do not allege that the conduct of detaining Plaintiff Newman was outside the scope of official responsibilities.  Further, Plaintiffs do not contend that the failure to segregate Plaintiff Newman was undertaken with a malicious purpose.  Nor do Plaintiffs refer the Court to another section of the Ohio Revised Code under which Defendant Telb would be liable.  Plaintiffs do suggest that the failure to provide Plaintiff Newman's medical history to the Department of Youth Services upon his transfer was an act of bad faith.  However, consistent with the rules governing the nonmoving party's response to a motion for summary judgment, Plaintiffs fail to go beyond the pleadings and present some type of concrete evidentiary material in support of their position.  Since Plaintiffs failed to demonstrate that any of the exceptions exist to the defenses asserted, the claims against Defendant Telb in his individual capacity for negligence are barred by statutory immunity.

      e.      **IS DEFENDANT TELB ENTITLED TO QUALIFIED IMMUNITY FOR PLAINTIFF'S CLAIM THAT HE NEGLIGENTLY INFLICTED EMOTIONAL DISTRESS?**

Plaintiff contends that Defendant Telb's failure to act resulted in negligently inflicted emotional harm.

Ohio courts have narrowly limited the scope of negligent infliction of emotional distress claims. *Dodge v. United States*, 162 F. Supp.2d 873, 879 (S. D. Ohio 2001).  Specifically, recovery for claims alleging negligent infliction of emotional distress is limited to situations such as where the plaintiff was a bystander to an accident or was in fear of physical consequences to his own person. *Id.* (*citing Gearing v. Nationwide Insurance Company,* 76 Ohio St.3d 34, 40, 665 N.E.2d 1115, 1120 (1996);  *Kulch v. Structural Fibers, Incorporated,* 78 Ohio St.3d 134, 162-63, 677 N.E.2d 308, 329 (1997) (recovery for negligent infliction of severe emotional distress has typically been limited to instances where the plaintiff

has either witnessed or experienced a dangerous accident and/or was subjected to an actual physical peril); *Hartwig v. United States,* 80 F. Supp.2d 765 (N. D. Ohio 1999)). A plaintiff may only recover for emotional harm negligently inflicted by a defendant by instituting a "traditional" claim for negligent infliction of emotional distress. *Id.* (*citing Tschantz v. Ferguson,* 97 Ohio App. 3d 693, 714, 647 N. E. 507, 521 (1994); *Hatlestad v. Consolidated Rail Corporation*, 75 Ohio App.3d 184, 191, 598 N.E.2d 1302, 1306-1307 (1991)). The plaintiff will then be required to show that he or she (1) was a bystander to an accident, (2) reasonably appreciated the peril thereof, and (3) suffered serious and foreseeable emotional distress as a result of his cognizance or fear of the peril. *Id.* (citation omitted).

Plaintiffs have not addressed whether a negligent infliction of emotional distress claim is viable under the limitations of Ohio state court decisions. Even if Defendant Telb were not entitled to immunity, the Magistrate is persuaded that Plaintiffs failed to state a claim of negligent infliction of emotional distress against Defendant Telb under the circumstances presented in this case. The claim against Defendant Telb for negligent infliction of emotional distress is dismissed.

**6.  PLAINTIFF HOOPER'S LOSS OF CONSORTIUM CLAIM.**

Plaintiff Hooper's claims against Defendants Cooper and Telb are derived from Plaintiff Newman's claims. As a result of the rape, Plaintiff Hooper contends that she, too, suffered emotional distress.

Ohio law recognizes the common-law action for parental loss of consortium of a minor child. *Wilson v. Columbus Board of Education*, 589 F. Supp.2d 952, 971-972 (S. D. Ohio 2008) (*citing Gallimore v. Children's Hospital Medical Center,* 67 Ohio St.3d 244, 617 N.E.2d 1052, 1060 (1993)). The basis of such a claim is that the third-party tortfeasor negligently or intentionally caused physical injury to the child. *Id.* Therefore, the parent is compensated for a harm done or for losses suffered as a

result of injury to the child and the parent-child relationship. *Id.* (*citing Rolf v. Tri State Motor Transit Company,* 91 Ohio St.3d 380, 745 N.E.2d 424, 426 (2001)).

A parental claim for loss of consortium is derivative of the child's cause of action. *Id.* (*citing Messmore v. Monarch Machine Tool Company*, 11 Ohio App. 3d 67, 463 N. E. 2d 108, 110 (1983)). A derivative cause of action may not yield greater relief than that available under the primary cause of action. *Graham v. American Cyanamid Company,* 350 F.3d 496, 515 (6th Cir. 2003) *cert. denied*, 124 S. Ct. 2040 (2004), (*citing Lynn v. Allied Corporation*, 41 Ohio App.3d 392, 536 N.E.2d 25, 36 (1987)).

Plaintiff Hooper's derivative clams of deliberate indifference, negligence and negligent infliction cannot be litigated in the absence of Plaintiff Newman's causes of action. Since the Magistrate dismissed Plaintiff Newman's claims for deliberate indifference, negligence and negligent infliction, Plaintiff Hooper is precluded from recovery as well.

**7.    PLAINTIFFS' CLAIMS AGAINST DEFENDANT COOPER.**

In the Complaint, Plaintiffs allege that Defendant Cooper was negligent and that his acts negligently inflicted emotional distress. Defendant Cooper was served with the Summons and Complaint by ordinary mail on July 3, 2008 (Docket No. 10). More than twenty days have elapsed and Defendant Cooper failed to answer, plead or contact the Court. Pursuant to FED. R. CIV. P. 55, the Clerk must enter Defendant Cooper's default.

### VII. CONCLUSION.

For these reasons, the Magistrate (1) grants the Motion to Strike. (2) grants the Motion for Summary Judgment, (3) dismisses all claims filed by Plaintiffs Newman and Hooper against all Defendants in their official and individual capacities.

**IT IS SO ORDERED**.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date:   September 16, 2010